UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH TOMAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-12079-ADB |
| | * | |
| SAGE M. BUCKLEY, COREY K. HODSON, | * | |
| and PROGRESSIVE CASUALTY | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER

BURROUGHS, D.J.

On October 7, 2019, Plaintiff Joseph Tomas ("Plaintiff"), appearing *pro se*, filed a complaint against Defendants Sage M. Buckley ("Buckley"), Corey K. Hodson ("Hodson"), and Progressive Casualty Insurance Company ("Progressive") (collectively, "Defendants"), [ECF No. 1 ("Compl.")], which he later amended, [ECF No. 25 ("Am. Compl.")]. Plaintiff seeks $300,000 in damages for injuries sustained in an accident in which Buckley allegedly struck Plaintiff's vehicle with Hodson's car while Buckley was driving under the influence. [Am. Compl. at 1, 4]. Plaintiff also requests $300,000 in punitive damages against Progressive for evading liability in connection with expenses arising from the accident. [Id. at 4]. Currently before the Court is Buckley and Hodson's motion to dismiss or transfer. [ECF No. 32-1]. For the reasons set forth below, the motion to dismiss or transfer, [ECF No. 32-1], is GRANTED in part and DENIED in part.[1]

---

[1] On March 13, 2020, Progressive filed a request for leave to join the motion to dismiss or transfer. [ECF No. 40].

## I.     FACTUAL BACKGROUND

The following facts are taken from the complaint, [Compl.], and amended complaint, [Am. Compl.], the factual allegations of which are assumed to be true when considering the motion to dismiss, Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  Typically, an amended complaint supersedes an original complaint, however, "that does not mean that the original complaint is a nullity and can be relevant for no purpose whatever." Ultra-Temp Corp. v. Advanced Vacuum Sys., 194 F.R.D. 378, 382 (D. Mass. 2000); see also Fiorillo v. United Techs. Corp., No. 3:13-cv-1287, 2015 LEXIS 133221, at *3 (D. Conn. Sept. 30, 2015) ("[T]he Court may still credit admissions in the original complaint and attached exhibits." (internal quotation marks and citation omitted)).

Plaintiff's amended complaint, even construed generously, fails to establish this Court's jurisdiction or to explain why venue is proper here.  See [Am. Compl.].  In addition, the amended complaint contains scant details about the accident at issue.  [Id. (stating only the date and time of the accident and the parties involved)].  Accordingly, the Court must rely on Plaintiff's original complaint, [Compl.], and the exhibits attached thereto to discern the factual allegations that support Plaintiff's claims.  The Court will refer to the original complaint only to review additional facts and allegations about jurisdiction and venue, but not to alter Plaintiff's claims.  See Barrigas v. United States, No. 17-cv-10232, 2018 U.S. Dist. LEXIS 38694, at *18 (D. Mass. Mar. 9, 2018) ("A district court may examine facts outside the complaint to determine whether its venue is proper." (quoting Universal Trading & Inv. Co. v. Bureau of Representing Ukrainian Interest in Int'l & Foreign Cts., 898 F. Supp. 23 301, 317 (D. Mass. 2012))); Ultra-Temp Corp., 194 F.R.D. at 382 ("[C]laims alleged in an original complaint and not contained in an amended complaint are waived."); see also Bobola v. F/V Expectation, 204 F. Supp. 3d 382,

387 (D. Mass. 2016) ("A document filed by a *pro se* party 'is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))).

The accident at issue occurred during the early morning hours of October 14, 2018 on the Douglas Turnpike in Burrillville, Rhode Island. [Am. Compl. at 1; ECF No. 1-1 at 3 ("Police Report")]. A Police Report documenting the accident, attached as an exhibit to Plaintiff's original complaint, indicates that Buckley turned her vehicle left, hitting Plaintiff's vehicle as he turned right. [Police Report at 8]. Buckley was driving a vehicle owned by Hodson and insured by Progressive. [Id. at 5–6]. Both Buckley and Hodson are residents of Rhode Island. [Compl. at 2–3 (listing Rhode Island as Buckley and Hodson's state of residence); Police Report at 3 (listing Rhode Island as Buckley and Hodson's state of residence); ECF No. 32-2 at 1 ("At all times relevant to this case, defendants, Sage Buckley and Corey K. Hodson, were and remained residents of Pascoag, Rhode Island.")]. The Burrillville Police Department issued Buckley a summons for committing a "laned roadway violation," a "manner of turning at intersect[ion]" violation, and for refusing to submit to a chemical test and preliminary breath test. [Police Report at 4]. Buckley was also charged with driving under the influence. [Id. at 5]. Plaintiff was described as "[a]pparently [n]ormal" and was not administered a chemical test. [Id. at 9].

Plaintiff alleges that Buckley caused the accident, [Compl. at 4; Am. Compl. at 1], and that Hodson is liable for damages because he permitted Buckley to use his car while she was under the influence of drugs and alcohol, [Am. Compl. at 2]. As for Progressive, Plaintiff alleges that the insurer intentionally caused Plaintiff to be denied medical treatment for injuries sustained in the accident by contacting his doctors and making them doubt that they would receive reimbursement for their services. [Id. at 3]. Prior to Progressive's communication with

Plaintiff's healthcare providers, his primary care physician had ordered an MRI and recommended rehabilitative therapy. [Id. at 3]. Plaintiff also states that his car was a rented vehicle and that Progressive "caused [him] an issue with the car rental company." [Id. at 2].[2]

Plaintiff is seeking $150,000 in damages for medical expenses related to back and neck pain, and frequent headaches, [Am. Compl. at 4; Compl. at 4], and $150,000 for pain and suffering, [Am. Compl. at 4]. He is also seeking $300,000 in punitive damages from Progressive "for the [insensitive] insurance practices of . . . [repeatedly] refusing to provide the medical care needed." [Compl. at 5]; see also [Am. Compl. at 4].

## II.   PROCEDURAL BACKGROUND

### A.   Defendants Incorrectly Named in Complaint

In court filings, Plaintiff, it is assumed innocently, refers to the named Defendant sometimes as "Corey Hodson" and sometimes as "Corey Hudson."[3] Due to this inconsistency, the incorrect defendant was initially served—Corey Hudson of Woonsocket, rather than the intended Corey Hodson of Burrillville. See [ECF Nos. 9, 17]. On December 23, 2019, former Defendant Hudson filed his Answer to Plaintiff's complaint in which he disputed having lent his car to anyone, that his car was involved in an accident, and that Progressive was his insurer. [ECF No. 11 at 1]. In response to the summons served to Hudson, his attorney sent a letter dated January 6, 2020 that claimed mistaken identity and was accompanied by a stipulation requesting

---

[2] In his motion to proceed *in forma pauperis*, Plaintiff stated that he is self-employed as a driver, [ECF No. 3 at 1], which may be relevant to his claims regarding the rental car.

[3] See e.g., [Compl. at 1 ("Tomas Joseph v. … Hudson Corey"); id. at 2 ("Defendant No. 2" named "Hodson Corey"); id. at 3 (listing named defendants as "Buckley and Hodson"); id. at 4 ("Hodson had len[t] Buckley his car…"); ECF No. 9 (documenting Summons issued to and returned by Corey Hudson of Woonsocket, Rhode Island); ECF No. 17-1 at 1–2 (letter and stipulation from Hudson's attorney asserting service to the wrong person when compared to the Police Report)].

4

that Plaintiff withdraw any claims against Hudson. [ECF No. 17-1]. In addition, on December 26, 2019, Defendant Progressive filed its answer to Plaintiff's complaint, noting that it was misnamed as "Progressive Insurance" in the complaint. [ECF No. 12].

In response to these communications, on January 13, 2020, Plaintiff moved to substitute as Defendants Corey K. Hodson and Progressive Casualty Insurance Company for Corey Hudson and Progressive Insurance Company, respectively, and to add the middle initial "M" to Sage Buckley, stating that these "misspelling[s]" caused "delayed service." [ECF No. 17]. The Docket Clerk has since revised the docket to reflect the Defendants' correct names. [ECF No. 20].

### B. Motion to Dismiss

On March 6, 2020, Buckley and Hodson filed a motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue. [ECF No. 32-1]. On March 11, 2020, the Court issued an Order directing Plaintiff to file his response, if any, to the motion to dismiss by March 20, 2020. [ECF No. 38]. Plaintiff failed to respond or otherwise oppose the motion. "Nevertheless, 'the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.'" Doe v. Bradshaw, No. 11-cv-11593, 2013 U.S. Dist. LEXIS 131915, at *10 (D. Mass. Sep. 16, 2013) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004)).

### III. DISCUSSION

#### A. Personal Jurisdiction

Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Loadholt,

Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)).  "A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court."  Roberts v. Jack L. Marcus Co., No. 17-cv-11782, 2018 U.S. Dist. LEXIS 6373, at *4 (D. Mass. Jan. 16, 2018) (citing Adam v. Saenger, 303 U.S. 59, 67 (1938)).  As to a defendant, however, the Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471−72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).  Therefore, a court may not assert jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).  In addition to satisfying Due Process concerns, "[t]o establish personal jurisdiction in a diversity case, a plaintiff must satisfy . . . the forum state's long-arm statute . . . ."  C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (citing Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994)).

 As a rule, a plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant.  Daynard, 290 F.3d at 50.  Under the "prima facie" standard for determining whether a plaintiff has met this burden, "the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction."  Bluetarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 79 (1st Cir. 2013) (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)).  In assessing whether personal jurisdiction exists, the Court may consider "the facts from the pleadings and whatever supplemental findings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts."  Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d

6

28, 34 (1st Cir. 2016). Plaintiffs may not, however, establish a court's personal jurisdiction over defendants with "unsupported allegations in [the] pleadings," and are instead "obliged to adduce evidence of specific facts." Platten v. H.G. Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (first quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992), then quoting Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995)). The Court may also "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Daynard, 290 F.3d at 51 (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)).

Because "the [Massachusetts] long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process . . . a determination under the long-arm statute is to precede consideration of the constitutional question." SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 52 (Mass. 2017). Section 3 of the Massachusetts long-arm statute allows for the exercise of "personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from" various activities within or outside of the Commonwealth. Mass. Gen. Laws ch. 223A, § 3. "The 'arising from' clause in [the long-arm statute] is . . . generously construed in favor of asserting personal jurisdiction, by applying a 'but for' causation test." Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 112 (D. Mass. 2003) (citing Tatro v. Manor Care, Inc., 625 N.E.2d 549, 554 (Mass. 1994)). The arising from inquiry asks whether "the defendant's contacts with the Commonwealth constitute[d] the first step in a train of events that result[ed] in the . . . injury." Access Now, Inc. v. Otter Prods., LLC, 280 F. Supp. 3d 287, 291 (D. Mass. 2017) (internal quotation marks omitted) (quoting Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 114 (1st Cir. 1997)).

According to Plaintiff's original complaint and the Police Report attached thereto, Buckley and Hodson are citizens of Rhode Island and their alleged misconduct occurred in Rhode Island. [Compl. at 2–3 (listing Rhode Island as Buckley and Hodson's state of residence); Police Report at 3 (listing Rhode Island as Buckley and Hodson's state of residence); id. (listing Burrillville, Rhode Island as the location of the accident)]; see also [ECF No. 32-2 at 1 ("At all times relevant to this case, defendants, Sage Buckley and Corey K. Hodson, were and remained residents of Pascoag, Rhode Island."); id. (stating that the accident took place in Burrillville, Rhode Island)].

Plaintiff has failed to provide any evidence that the accident or any actions taken by Buckley and Hodson had any connection to Massachusetts. See [Compl.; Am. Compl.]. Although Plaintiff may have sought treatment and experienced the effects of the accident in Massachusetts, that is insufficient for the Court to exercise personal jurisdiction over Buckley and Hodson. See Gauthier v. United States, No. 4:10-cv-40116, 2011 U.S. Dist. LEXIS 99246, at *24 (D. Mass. Sep. 2, 2011) (declining to exercise jurisdiction over defendant involved in out-of-state incident even when effects of incident were felt in Massachusetts); Tramonte v. Korean War Veteran's Ass'n, No. 01-cv-11005, 2002 U.S. Dist. LEXIS 7243, at *7 (D. Mass. Feb. 5, 2002) (same); Mello v. K-Mart Corp., 604 F. Supp. 769, 771 (D. Mass. 1985) (same).

"Because there is no provision of the long-arm statute on which to predicate jurisdiction, the Court need not reach the question of whether [plaintiff's] assertion is constitutionally sound." Mello, 604 F. Supp. at 772 (citing Singer v. Piaggio & C., 420 F.2d 679, 681 (1st Cir.1969)); see Gauthier, 2011 U.S. Dist. LEXIS 99246, at *25 (same).

Although this Court may not exercise personal jurisdiction over Buckley and Hodson, under 28 U.S.C. § 1631, a district court may transfer a case to another district to cure a lack of jurisdiction:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "The First Circuit has interpreted this provision to establish a presumption in favor of transfer—rather than dismissal—when the forum court lacks personal jurisdiction over one of the defendants." TargetSmart Holdings, LLC v. GHP Advisors, LLC, 366 F. Supp. 3d 195, 214 (D. Mass. 2019) (citing Federal Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 119 (1st Cir. 2016)); see also Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003) ("Congress's use of the phrase 'shall . . . transfer' in section 1631 persuasively indicates that transfer, rather than dismissal, is the option of choice.").

**B.     Venue**

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). "[T]he general purpose of the venue rules is 'to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (alteration in original) (quoting Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979)). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

9

> <u>substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which <u>any defendant</u> is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added).

"Where, as here, the defendant objects to venue, 'ample authority' exists that the burden of establishing venue is on the plaintiff." <u>Gill v. Nakamura</u>, No. 14-cv-13621, 2015 U.S. Dist. LEXIS 113822, at *6 (D. Mass. July 24, 2015) (citing <u>Cordis Corp. v. Cardiac Pacemakers</u>, 599 F.2d 1085, 1086 (1st Cir. 1979)). Under the facts Plaintiff has alleged, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the Defendants are not residents of Massachusetts. Subsection (2) does not support venue in this district because the events giving rise to Plaintiff's claims did not occur in Massachusetts. Because venue would be proper in the District of Rhode Island, subsection (3) is irrelevant.

Although Massachusetts is an inappropriate venue, the record contains facts suggesting that Buckley and Hodson are amenable to litigating this matter in the District of Rhode Island, [ECF No. 32-2 at 7 ("Plaintiff's Complaint should be dismissed or transferred to the District of Rhode Island")], and that Plaintiff's claim could be properly heard in that district, [<u>id.</u> at 4–5 ("[the] underlying controversy in this case . . . occurred in Rhode Island" and "at all relevant times" Buckley and Hodson were "full-time residents of Rhode Island"); <u>see also</u> Police Report at 3 (indicating that the accident occurred in Rhode Island and that Buckley and Hodson are Rhode Island residents)]; [ECF No. 40 (Progressive's motion to join)].

Similar to § 1631, under 28 U.S.C. § 1406(a), a district court may "'transfer [a] case to any district or division in which it could have been brought' if it 'lay[s] venue in the wrong division or district' and transfer is 'in the interest of justice.'" <u>TargetSmart Holdings</u>, 366 F.

Supp. 3d at 214 (citing 28 U.S.C. § 1406(a)). Although § 1406 "does not explicitly mention jurisdiction, the Supreme Court has interpreted its mandate to 'authorize transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed has personal jurisdiction over the defendants or not.'" Id. (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)).

Both §§ 1406 and 1631 support transfer over dismissal in the interests of justice and to promote judicial economy. See Britell, 318 F.3d at 74 (stating that the legislative history of § 1631 favors transfer over dismissal of "an action . . . that might thrive elsewhere" as furthering "the salutary policy favoring the resolution of cases on the merits"); TargetSmart Holdings, 366 F. Supp. 3d at 214 (stating that transfer under § 1406 would promote the interest of justice and "facilitate the speedy and efficient resolution of [the] case"). There exists a strong public interest in "prevent[ing] duplicitous litigation that would prove 'wasteful and costly'" which also supports transfer over dismissal. See Britell, 318 F.3d at 74 (quoting S. Rep. No. 97-275, at 11 (1982), *reprinted in* 1982 U.S.C.C.A.N. 11, 21). In addition, "[o]ur judicial system zealously guards the attempts of *pro se* litigants on their own behalf," thus the interests of justice here favor transfer over dismissal. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

As Plaintiff filed no opposition to the suggestion that the case should be transferred and because substantive public interests weigh in favor of transfer rather than dismissal of Plaintiff's case, this Court finds it proper and in the interests of justice to transfer this matter to the District of Rhode Island.[4] See, e.g., Phx. Ins. Co. v. Cincinnati Indem. Co., No. 16-cv-00223, 2017 U.S.

---

[4] Although the Court has only reviewed personal jurisdiction as to Buckley and Hodson, the claims against Progressive will be transferred as well. "The Court has grave doubts that it has the authority under section 1406(a) to transfer only part of a case brought against multiple defendants. Section 1406(a) specifically applies to 'a case' in which venue is wrongly laid and authorizes transfer of 'such case.' Facially interpreted, the statute appears to contemplate the

Dist. LEXIS 109977, at *15 (D.R.I. Mar. 3, 2017) ("[D]ue to the lack of personal jurisdiction and proper venue in this District and the totality of the circumstances, I conclude that the interests of justice would be better served by transfer of this action . . . than by dismissal under Rules 12(b)(2) and (3) . . . ."), report and recommendation adopted by No. 16-cv-00223, 2017 U.S. Dist. LEXIS 108460, at *10 (D.R.I. July 13, 2017).

IV.     **CONCLUSION**

Accordingly, Buckley and Hodson's motion to dismiss or transfer, [ECF No. 32-1], is GRANTED in part and DENIED in part. This action will be transferred to the District of Rhode Island for further proceedings. The Court notes that Plaintiff has a pending motion to appoint counsel, [ECF No. 34], which will remain pending to allow Plaintiff to seek counsel admitted to practice within the State of Rhode Island.

**SO ORDERED.**

May 22, 2020                                            /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE

---

transfer of an entire case." Freund v. Fleetwood Enters., Inc., 745 F. Supp. 753, 755 n.5 (D. Me. 1990); see also Get in Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173, 195 (D. Mass. 2016) ("If venue is not proper for all of the claims and defendants, the Court may . . . transfer the entire case to another district where venue is proper for all claims and defendants . . . .").